The opinion of the court was delivered by
Marr, J.
In March, 1869, the plaintiff, appellant, instituted suit against Charles A. Weed, the owner of the “ New-Orleans Times,” a newspaper conducted by him, to recover $10,000 damages for libel. There was a verdict and judgment in favor of the defendant in that suit. Plaintiff appealed; and in March, 1873, this court reversed the judgment of the district court, and awarded to plaintiff $15,000 in dam-
*1369 ages against Charles A. Weed, proprietor of the newspaper styled “The Kew-Orleans Times.” 25 An. 170.
In December, 1872, Weed was indebted to Mrs. Alice King, his vendor, in a sum exceeding fifty thousand dollars, on account of the price of the “ Times ” establishment; and he owed other debts, one to J. H. McKee for $7000. On the 13th December, he sold the entire •“ Times ” newspaper establishment to Mrs. King, with all the assets, in consideration of which Mrs. King assumed the payment of “all the outstanding liabilities of the said newspaper known as the New-Orleans Times.”
She also agreed to pay the debt due to McKee, and to cancel and return Weed’s three notes in her favor, owned and held by her, each for $25,000, on one of which $20,000 had been paid.
This suit was brought to recover of Mrs. King the amount of the judgment in favor of plaintiff against Weed, with interest and costs, upon the allegation that it was one of the outstanding liabilities assumed by her in her agreement with Weed.
In her answer Mrs. King, after general denial, and admission that she was the owner of the “ Times,” specially denied that she had ever “ stipulated or contracted or agreed to assume the payment of plaintiff’s claim against C. A. Weed.”
There were objections taken and reserved to portions of the parol testimony offered on the trial, which it is not necessary to notice now. 'This testimony tended to show what liabilities Mrs. King had assumed. The agreement offered in evidence was a copy.published in the “Times” newspaper. The original had been lost or mislaid: and it differed from the original only in that there was attached to the original a list of the liabilities to be paid by Mrs. King.
Prima facie, this assumption by Mrs. King would be limited to what the parties understood as debts incurred in and about the conducting of the paper. Mrs. King’s object was, manifestly, to secure, as far ■as she could, the large sum due to her on account of the price ; and Weed’s object was to rid himself of his personal liability for the debts •which were acknowledged to be due, and which he desired to have paid. Whatever might be the amount so assumed by Mrs. King, it would •diminish to that extent the net value of the establishment to her ; and It would diminish the sum which would otherwise have been applicable to Weed’s other debts, or to his other purposes, in the event that the ■value of the establishment was in excess of the debt due to Mrs. King.
It does not appear at what date, precisely, the verdict and judgment in favor of Weed were rendered; nor when the appeal was taken : but the case was pending on appeal in December, 1872, when Mrs. King became the proprietor. The proprietor of a newspaper, sued for libel, *1370 would not rank that claim as one of his debts, nor would he, in disposing of his property, be inclined to reserve from the price a sum sufficient to cover such demand. He could not know, nor could the purchaser know, what amount might be awarded. The demand was for ten thousand dollars, with interest from March, 1869, and costs ; so that if the seller had understood, and the purchaser had understood, that such demand was to be treated as part of the price, and assumed by the purchaser, the amount reserved would have been in excess of $10,000.
In this case there was a verdict and a judgment in favor of Weed,, exonerating him from liability. The appeal did not set aside that judgment ; and it would require very positive proof to show that either Weed or Mrs. King allowed this claim to enter into their estimation. Weed wished to pay what he considered his debts, liabilities. The books of the “ Times ” establishment showed the amount of the liabilities and of the assets: and an agent of Mrs. King had been in the office, “in. possession of the whole newspaper, as the representative of Mrs. King,” from the death of her husband. Weed desired to avoid being forced into bankruptcy. The “Times” establishment had been seized for the debt due McKee; and it was necessary to make some arrangement by which Mrs. King could be protected, and the threatened bankruptcy avoided. This agreement was the result of that condition of affairs.
If one should read the assumption clause in the agreement between Weed and Mrs. King, and the petition and answer in this case, and the decision of this court in March, 1873, as reported in 25 An. 170, his impression would be that a judgment against Weed, who had been the proprietor of the “ Times ” newspaper, for damages for a malicious libel, was not one of the outstanding liabilities of the “ said newspaper ” in December, 1872, when Mrs. KiDg again became the proprietor. In libel suits the verdict of a jury in favor of defendant creates a very strong presumption of the absence of right to recover. The debts and liabilities of the newspaper, in general business parlance, would be construed to be such as created some legal or equitable right or lien upon the property, the types, presses, stock, etc.: such as wages, sums due for paper and other materials and supplies, and the salaries of editors and writers. There was no lien or equitable right upon the property, more especially against the vendor, Mrs. King, in favor of the plaintiff, who had been injured in his feelings, perhaps in his reputation, by the malicious wrong of Weed ; and the interpretation which would make Mrs. King liable to plaintiff in this case, on the assumption in her agreement with Weed, is not that which the language necessarily imports ; nor is it either j ust or reasonable.
If the case be considered without reference to the testimony objected to, the pretensions of plaintiff would be so extraordinary that they *1371 could not be allowed. We think, however, it was competent to prove by the testimony of Green, who kept the books, who was Mrs. King’s representative, and by Mr. Hunt, who, as her attorney at law and in fact, made the agreement with Weed in her behalf, that there was a list of debts, an estimation of the liabilities to be paid by Mrs. King, with, reference to which this contract was made; and that the claim of plaintiff was not considered or taken into the estimation by either party.
The judge of the district court concluded that the liabilities of the newspaper, assumed by Mrs. King, in the absence of proof to the contrary, would be those arising ex contractu, not such as arose ex delicto; and this is our view of the law, and our interpretation of the agreement..
The judgment appealed from is therefore affirmed with costs.
Rehearing refused.